UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------------X

ANTHONY WHITE and NAEEM SCARBOROUGH,

                                     Plaintiffs,

        -against-

CITY OF NEW YORK, JORGE TOBON, Individually,
JEFF HARRIS, Individually, ANGUS MACKENZIE,
Individually, ROBERT KELLY, Individually, UNDERCOVER
NO. C0039, Individually, UNDERCOVER No. C0076,
Individually, and JOHN and JANE DOE 1 through 10,
Individually (the names John and Jane Doe being fictitious,
as the true names are presently unknown),

                                  Defendants,

--------------------------------------------------------------------------------X

**COMPLAINT**

Docket No.

<u>Jury Trial Demanded</u>

       Plaintiffs ANTHONY WHITE and NAEEM SCARBOROUGH, by their attorneys, Brett H. Klein, Esq., PLLC, complaining of the defendants, respectfully allege as follows:

## **Preliminary Statement**

       1.    Plaintiffs bring this action for compensatory damages, punitive damages and attorneys' fees pursuant to 42 U.S.C. §§ 1983 and 1988 for violations of their civil rights, as said rights are secured by said statutes and the Constitution of the United States. Plaintiffs also assert supplemental state law claims.

## **JURISDICTION**

       2.    This action is brought pursuant to 42 U.S.C. §§ 1981, 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution. Plaintiffs assert supplemental state law claims pursuant to common law and the New York State Constitution.

       3.    Jurisdiction is found upon 28 U.S.C. §§ 1331, 1343 and 1367.

## VENUE

4.      Venue is properly laid in the Southern District of New York under 28 U.S.C. § 1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5.      Plaintiffs respectfully demand a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38 (b).

## PARTIES

6.      Plaintiff ANTHONY WHITE is a forty-nine-year old African American man residing in New York, New York.

7.      Plaintiff NAEEM SCARBOROUGH is a thirty-four-year old African American man residing in New York, New York.

8.      Defendant CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

9.      Defendant CITY OF NEW YORK maintains the New York City Police Department (hereinafter referred to as "NYPD"), a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the aforementioned municipal corporation, CITY OF NEW YORK.

10.     That at all times hereinafter mentioned, the individually named defendants, JORGE TOBON, JEFF HARRIS, ANGUS MACKENZIE, ROBERT KELLY, UNDERCOVER No. C0039, UNDERCOVER No. C0076, and JOHN and JANE DOE 1 through 10, were duly sworn sergeants and/or police officers and/or detectives of said department and were acting under the supervision of said department and according to their official duties.

11.     That at all times hereinafter mentioned the defendants, either personally or

2

through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New York and/or the City of New York.

12.    Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

## FACTS

13.    On June 4, 2015, beginning at approximately 3:30 p.m., in the vicinity of 2504 7th Avenue, New York, New York, plaintiffs ANTHONY WHITE and NAEEM SCARBOROUGH were unlawfully arrested by, or in the presence of, the defendant NYPD officers including, without limitation, JORGE TOBON, JEFF HARRIS, ANGUS MACKENZIE, ROBERT KELLY, UNDERCOVER No. C0039, and UNDERCOVER No. C0076.

14.    Plaintiffs were seated in a parked motor vehicle belonging to plaintiff WHITE and were not engaged in any unlawful activity when defendant officers approached the vehicle, ordered plaintiffs out of the vehicle, and arrested and handcuffed them, despite lacking probable cause to believe plaintiffs had committed any crime or offense.

15.    The handcuffs placed on WHITE were applied in an over tight manner.

16.    Defendant officers unlawfully searched plaintiffs, and they searched plaintiff WHITE'S vehicle.

17.    Plaintiffs were imprisoned in a police van and transported to a police precinct, believed to be NYPD PSA 6.

18.    While imprisoned at PSA 6, plaintiff SCARBOROUGH was subjected to an illegal and unwarranted strip search in a cell located therein, where he was ordered to take his

3

shirt off, to lower his pants and underwear, and to squat and cough in front of a defendant officer.

19.     As a result of the defendant officers' misconduct, plaintiffs ANTHONY WHITE and NAEEM SCARBOROUGH suffered physical discomfort, emotional distress, and loss of liberty.

20.     The defendant officers imprisoned ANTHONY WHITE and NAEEM SCARBOROUGH until June 5, 2015, when plaintiffs were arraigned on baseless charges filed in New York County Criminal Court under docket numbers 2015NY035099 and 2015NY035097, respectively; said charges having been filed based on false allegations sworn to by defendants HARRIS, UNDERCOVER No. C0039, and UNDERCOVER No. C0076.   The defendants initiated said prosecution with malice, and otherwise caused said prosecution to be commenced against plaintiffs for the purpose of obtaining a collateral objective outside the legitimate ends of the legal process, to wit: to avoid disciplinary action for the above described constitutional violations.

21.     The defendant officers created and manufactured false evidence against plaintiffs and used same against them in said legal proceedings.   Specifically, defendants falsely informed attorneys with the New York County District Attorney's Office that plaintiffs participated in the sale of a controlled substance.   These allegations were completely false.

22.     As a result of the defendant officers' false and manufactured evidence, which was utilized at plaintiffs' arraignments, bail was set on plaintiffs' cases resulting in their continued confinement.

23.     Plaintiff WHITE was confined until approximately 5:00 p.m. on June 5, 2015, when he was released after posting bail.

24.     Plaintiff SCARBOROUGH was confined at Manhattan Detention Complex until June 8, 2015, when he was released after posting bail.

25.     As a further result of the defendants' misconduct, plaintiffs were compelled to return to court on June 10, 2015, on which date plaintiff WHITE testified before a grand jury. On June 22, 2015, the grand jury returned a no true bill, finding no probable cause as to any crimes alleged against plaintiffs WHITE and SCARBOROUGH.

26.     On September 16, 2015, all of the false charges filed against plaintiffs ANTHONY WHITE and NAEEM SCARBOROUGH were officially dismissed and sealed.

27.     Defendant ROBERT KELLY held the rank of sergeant, and participated in, oversaw, and otherwise sanctioned the unlawful conduct described herein.

28.     Defendants JORGE TOBON, JEFF HARRIS, ANGUS MACKENZIE, ROBERT KELLY, UNDERCOVER No. C0039, UNDERCOVER No. C0076, and JOHN and JANE DOE 1 through 10 participated in or were present or otherwise aware of the incident and yet failed to intervene in the illegal conduct described herein despite a meaningful opportunity to do so.

29.     Defendants JORGE TOBON, JEFF HARRIS, ANGUS MACKENZIE, ROBERT KELLY, UNDERCOVER No. C0039, UNDERCOVER No. C0076, and JOHN and JANE DOE 1 through 10 owed a duty to plaintiffs not to search them without reasonable suspicion, not arrest them without probable cause, and/or not to stand by while these unlawful acts were committed.

30.     Defendants JORGE TOBON, JEFF HARRIS, ANGUS MACKENZIE, ROBERT KELLY, UNDERCOVER No. C0039, UNDERCOVER No. C0076, and JOHN and JANE DOE 1 through 10 breached their duty and as a result, plaintiffs' privacy was violated and they suffered a loss of liberty.

31.     All of the above occurred as a direct result of the unconstitutional policies,

customs or practices of the City of New York, including, without limitation, the inadequate screening, hiring, retaining, training and supervising its employees; and pursuant to customs or practices of narcotics divisions of the NYPD of falsely arresting individuals to meet quotas and earn overtime and falsifying evidence in support of said arrests.

32.     The aforesaid event is not an isolated incident.  Defendant CITY OF NEW YORK is aware from lawsuits, notices of claims, complaints field with the NYPD's Internal Affairs Bureau, and the CITY OF NEW YORK'S Civilian Complaint Review Board, and extensive media coverage that many NYPD narcotics officers, including the defendants, are insufficiently trained, and engage in a practice of falsely arresting individuals and of falsifying evidence in support of said arrests.   *See  e.g.*  http://www.nydailynews.com/news/crime/fabricated-drug-charges-innocent-people-meet-arrest-quotas-detective-testifies-article-1.963021.

33.     Moreover, in another civil rights action filed in this Circuit involving false allegations by NYPD narcotics officers, Senior Judge Jack B. Weinstein pronounced:

> Informal inquiry by the court and among judges of this court, as well as knowledge of cases in other federal and state courts, has revealed anecdotal evidence of repeated, widespread falsification by arresting police officers of the New York City Police Department.  . . . [T]here is some evidence of an attitude among officers that is sufficiently widespread to constitute a custom or policy by the city approving illegal conduct of the kind now charged. *Colon v. City of New York, et. al.,* 2009 WL 4263362, *2 (E.D.N.Y. 2009).

34.     Defendant CITY OF NEW YORK was also aware, prior to the incident, that the individual defendants engaged in such practices, and lacked the objectivity, temperament, maturity, discretion, and disposition to be employed as police officers.  Despite such notice, defendant CITY of NEW YORK has retained these officers, and failed to adequately train and supervise them.

35.     For example, the CITY OF NEW YORK is aware through the litigation and

settlement of multiple cases that defendant HARRIS has been sued on previous occasions for engaging in false narcotics related arrests, including the following matters: *Dunn, et al. v. The City of New York, et al.*, 08 CV 3208 (RJS); *Carolina v. The City of New York, et al.*, 09 CV 0195 (LAP); *Siler v. The City of New York, et al.*, 15 CV 0189 (ER); *Ortiz v. City of New York, et al.*, 15 CV 2915 (LGS); and *Thompson v. City of New York, et al.*, 15 CV 3574 (ALC) (BCM).

36.     The CITY OF NEW YORK is also aware through the litigation and settlement of multiple cases that defendant TOBON has been sued on previous occasions for engaging in false narcotics related arrests, including the following matters: *Levon Smith v. Police Officer Jorge Tobon, Shield # 29637*, 04 CV 3286 (TBG); *Jenkins, et al. v. The City of New York, et al.*, 10 CV 4535 (AJN); *Outerbridge v. NYC Police Department, NYPD et al.*, 11 CV 3843 (RJS) (KNF), and *Thompson v. City of New York, et al.*, 15 CV 3574 (ALC) (BCM).

37.     The CITY OF NEW YORK is also aware through the litigation and settlement of multiple cases that defendant MACKENZIE has been sued on previous occasions for engaging in false narcotics related arrests, including the following matters: *Jones, et al. v. The City of New York, et al.*, 08 CV 4512 (DLC); *Maxwell v. The City of New York, et al.*, 13 CV 7641 (NRB); *Mont v. The City of New York, et al.*, 14 CV 4090 (AKH); *Curry v. MacKenzie, et al.*, 15 CV 2766 (LTS); and *Thompson v. City of New York, et al.*, 15 CV 3574 (ALC) (BCM).

38.     The CITY OF NEW YORK is also aware through the litigation and settlement of multiple cases that defendant KELLY has been sued on previous occasions for engaging in false narcotics related arrests, including the following matters: *Torres v. The City of New York, et al.*, 14 CV 502 (DLC); *Siler v. The City of New York, et al.*, 15 CV 0189 (ER); *Ortiz v. City of New York, et al.*, 15 CV 2915 (LGS); and *Alvarez v. The City of New York, et al.*, 15 CV 8063 (ALC).

39.     Despite notice of the foregoing custom and practices of NYPD narcotics officers

and of the lack of training of said officers, defendant CITY OF NEW YORK has failed to take corrective action. This failure caused the officers in the present case to violate the plaintiffs' civil rights.

40.    All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of state law.

41.    All of the aforementioned acts deprived plaintiffs ANTHONY WHITE and NAEEM SCARBOROUGH, members of a racial minority, of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §§ 1981 and 1983.

42.    The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto, and with the intent to discriminate on the basis of race.

43.    The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the CITY OF NEW YORK and the New York City Police Department, all under the supervision of ranking officers of said department.

44.    Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

45.    As a result of the foregoing, plaintiffs ANTHONY WHITE and NAEEM SCARBOROUGH sustained, *inter alia*, physical injuries, emotional distress, and deprivation of their liberty and their constitutional rights.

8

## AS AND FOR A FIRST CAUSE OF ACTION
### (False Arrest/Unlawful Imprisonment under 42 U.S.C. § 1983)

46.     Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "45" with the same force and effect as if fully set forth herein.

47.     Defendants arrested plaintiffs ANTHONY WHITE and NAEEM SCARBOROUGH without probable cause, causing them to be detained against their will for an extended period of time and subjected to physical restraints.

48.     Defendants caused plaintiffs ANTHONY WHITE and NAEEM SCARBOROUGH to be falsely arrested and unlawfully imprisoned.

49.     As a result of the foregoing, plaintiffs ANTHONY WHITE and NAEEM SCARBOROUGH are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A SECOND CAUSE OF ACTION
### (Violation of Right to Fair Trial under 42 U.S.C. § 1983)

50.     Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "49" with the same force and effect as if fully set forth herein.

51.     Defendants created false evidence against plaintiffs ANTHONY WHITE and NAEEM SCARBOROUGH.

52.     Defendants utilized this false evidence against plaintiffs ANTHONY WHITE and NAEEM SCARBOROUGH in legal proceedings.

53.     As a result of defendants' creation and use of false evidence, plaintiffs ANTHONY WHITE and NAEEM SCARBOROUGH suffered a violation of their constitutional rights to a fair trial, as guaranteed by the United States Constitution.

9

54.     As a result of the foregoing, plaintiffs ANTHONY WHITE and NAEEM SCARBOROUGH are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A THRID CAUSE OF ACTION
### (Malicious Prosecution under 42 U.S.C. § 1983)

55.     Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "54" with the same force and effect as if fully set forth herein.

56.     Defendants initiated, commenced and continued a malicious prosecution against plaintiffs ANTHONY WHITE and NAEEM SCARBOROUGH.

57.     Defendants caused plaintiffs ANTHONY WHITE and NAEEM SCARBOROUGH to be prosecuted without any probable cause until the charges were dismissed on or about September 16, 2015.

58.     As a result of the foregoing, plaintiffs ANTHONY WHITE and NAEEM SCARBOROUGH are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A FOURTH CAUSE OF ACTION
### (Malicious Abuse of Process under 42 U.S.C. § 1983)

59.     Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "58" with the same force and effect as if fully set forth herein.

60.     Defendants maliciously issued criminal process against plaintiffs ANTHONY WHITE and NAEEM SCARBOROUGH by causing them to appear in New York County Criminal Court.

10

61.     Defendants    caused    plaintiffs    ANTHONY    WHITE    and    NAEEM SCARBOROUGH to appear in order to obtain a collateral objective outside the legitimate ends of the legal process, to wit: to cover up their illegal conduct.

62.     As a result of the foregoing, plaintiffs ANTHONY WHITE and NAEEM SCARBOROUGH are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR A FIFTH CAUSE OF ACTION**
(Failure to Intervene under 42 U.S.C. § 1983)

63.     Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "62" with the same force and effect as if fully set forth herein.

64.     Defendants had an affirmative duty to intervene on behalf of plaintiffs ANTHONY WHITE and NAEEM SCARBOROUGH, whose constitutional rights were being violated in their presence by other officers.

65.     The defendants failed to intervene to prevent the unlawful conduct described herein.

66.     As a result of the foregoing, plaintiffs ANTHONY WHITE and NAEEM SCARBOROUGH were subjected to excessive force, their liberty was restricted for an extended period of time, and they were put in fear of their safety, humiliated, subjected to handcuffing, and imprisoned without probable cause.

67.     As a result of the foregoing, plaintiffs ANTHONY WHITE and NAEEM SCARBOROUGH are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be

fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A SIXTH CAUSE OF ACTION
(Supervisory Liability under 42 U.S.C. § 1983)

68.     Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "67" with the same force and effect as if fully set forth herein.

69.     Supervisory defendant ROBERT KELLY personally caused plaintiffs ANTHONY WHITE and NAEEM SCARBOROUGH'S constitutional injury by being deliberately or consciously indifferent to the rights of others in failing to properly supervise and train their subordinate employees.

70.     As a result of the foregoing, plaintiffs ANTHONY WHITE and NAEEM SCARBOROUGH are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A SEVENTH CAUSE OF ACTION
(Municipal Liability under 42 U.S.C. § 1983)

71.     Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "70" with the same force and effect as if fully set forth herein.

72.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

73.     The aforementioned customs, policies, usages, practices, procedures and rules of the City of New York Police Department included, but were not limited to the narcotics divisions of the NYPD falsely arresting individuals and falsifying evidence in support of said arrests.

74.     In addition, the City of New York engaged in a policy, custom or practice of

inadequate screening, hiring, retaining, training and supervising its employees that was the moving force behind the violation of plaintiffs ANTHONY WHITE and NAEEM SCARBOROUGH'S rights as described herein.  As a result of the failure of the City of New York to properly recruit, screen, train, discipline, and supervise its officers, including the individual defendants, defendant CITY OF NEW YORK has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

75.     The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiffs ANTHONY WHITE and NAEEM SCARBOROUGH.

76.     The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiffs ANTHONY WHITE and NAEEM SCARBOROUGH as alleged herein.

77.     The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the moving force behind the Constitutional violations suffered by plaintiffs ANTHONY WHITE and NAEEM SCARBOROUGH as alleged herein.

78.     As a result of the foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department, plaintiffs ANTHONY WHITE and NAEEM SCARBOROUGH were detained, subjected to excessive force, and imprisoned without probable cause.

79.     Defendants, collectively and individually, while acting under color of state law,

13

were directly and actively involved in violating plaintiffs ANTHONY WHITE and NAEEM SCARBOROUGH'S constitutional rights.

80.     All of the foregoing acts by defendants deprived plaintiffs ANTHONY WHITE and NAEEM SCARBOROUGH of federally protected rights, including, but not limited to, the right:

   A.     Not to be deprived of liberty without due process of law;

   B.     To be free from seizure and arrest not based upon probable cause;

   C.     To be free from malicious abuse of process and malicious prosecution; and

   D.     To be free from deprivation of their right to a fair trial.

81.     As a result of the foregoing, plaintiffs ANTHONY WHITE and NAEEM SCARBOROUGH are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**Supplemental State Law Claims**

82.     Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "81" with the same force and effect as if fully set forth herein.

83.     Within ninety (90) days after the claim herein accrued, plaintiffs duly served upon, presented to and filed with the CITY OF NEW YORK, a Notice of Claim setting forth all facts and information required under the General Municipal Law 50-e.

84.     The CITY OF NEW YORK has wholly neglected or refused to make an adjustment or payment thereof and more then thirty (30) days have elapsed since the presentation of such claim as aforesaid.

85.     This action was commenced within one (1) year and ninety (90) days after the cause of action herein accrued.

86.     Plaintiffs have complied with all conditions precedent to maintaining the instant action.

87.     This action falls within one or more of the exceptions as outlined in C.P.L.R. 1602.

## AS AND FOR AN EIGHTH CAUSE OF ACTION
(False Arrest under the laws of the State of New York)

88.     Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "87" with the same force and effect as if fully set forth herein.

89.     Defendants arrested plaintiffs without probable cause.

90.     Plaintiffs were detained against their will for an extended period of time and subjected to physical restraints.

91.     As a result of the aforementioned conduct, plaintiffs were unlawfully imprisoned in violation of the laws of the State of New York.

92.     As a result of the aforementioned conduct, plaintiffs suffered physical and mental injury, together with embarrassment, humiliation, shock, fright, and loss of freedom.

93.     The individually named defendants caused the wrongful arrests of plaintiffs. Defendant City, as employer of the each of the individually named defendant officers, is responsible for said officers' wrongdoing under the doctrine of *respondeat superior*.

94.     As a result of the foregoing, plaintiffs ANTHONY WHITE and NAEEM SCARBOROUGH are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be

fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A NINTH CAUSE OF ACTION
(Assault under the laws of the State of New York)

95.     Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "94" with the same force and effect as if fully set forth herein.

96.     As a result of the foregoing, plaintiffs were placed in apprehension of imminent harmful and offensive bodily contact.

97.     As a result of defendants' conduct, plaintiffs have suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

98.     The individually named defendants assaulted plaintiffs.  Defendant City, as employer of the each of the individually named defendant officers, is responsible for said officers' wrongdoing under the doctrine of *respondeat superior*.

99.     As a result of the foregoing, plaintiffs ANTHONY WHITE and NAEEM SCARBOROUGH are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A TENTH CAUSE OF ACTION
(Battery under the laws of the State of New York)

100.    Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "99" with the same force and effect as if fully set forth herein.

101.    Defendants made offensive contact with plaintiffs without privilege or consent.

102.    As a result of defendants' conduct, plaintiffs have suffered physical injuries, pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

103.    The individually named defendants battered plaintiffs.   Defendant City, as

16

employer of the each of the individually named defendant officers, is responsible for said officers' wrongdoing under the doctrine of *respondeat superior*.

104.    As a result of the foregoing, plaintiffs ANTHONY WHITE and NAEEM SCARBOROUGH are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR AN ELEVENTH CAUSE OF ACTION
<u>(Malicious Abuse of Process under laws of the State of New York)</u>

105.    Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "104" with the same force and effect as if fully set forth herein.

106.    Defendants issued criminal process against plaintiffs ANTHONY WHITE and NAEEM SCARBOROUGH by causing them to be arrested, and requiring their appearances in New York County Criminal Court.

107.    Defendants compelled plaintiffs' appearances to obtain a collateral objective outside the legitimate ends of the legal process, to wit: to avoid discipline for their fellow officers for their abuses of authority.

108.    Defendant City, as employer of the individual officers, is responsible for their wrongdoing under the doctrine of *respondeat superior.*

109.    As a result of the foregoing, plaintiffs ANTHONY WHITE and NAEEM SCARBOROUGH are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action

## AS AND FOR A TWELFTH CAUSE OF ACTION
### (Malicious Prosecution under the laws of the State of New York)

110.    Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "109" with the same force and effect as if fully set forth herein.

111.    The defendant officers initiated, commenced and continued a malicious prosecution against plaintiffs ANTHONY WHITE and NAEEM SCARBOROUGH.

112.    Defendants    caused    plaintiffs    ANTHONY    WHITE    and    NAEEM SCARBOROUGH to be prosecuted without probable cause until the charges were dismissed on or about September 16, 2015.

113.    Defendant City, as employer of the individually named defendant officers, is responsible for their wrongdoing under the doctrine of *respondeat superior.*

114.    As a result of the foregoing, plaintiffs ANTHONY WHITE and NAEEM SCARBOROUGH are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A THIRTEENTH CAUSE OF ACTION
### (Negligent Screening, Hiring, and Retention under the laws of the State of New York)

115.    Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraph numbered "1" through "114" with the same force and effect as if fully set forth herein.

116.    Upon information and belief, defendant CITY OF NEW YORK failed to use reasonable care in the screening, hiring and retention of the aforesaid defendants who conducted and participated in the arrest of plaintiffs.

117.    Defendant CITY OF NEW YORK knew, or should have known in the exercise of

reasonable care, the propensities of the individual defendants to engage in the wrongful conduct heretofore alleged in this Complaint.

118.    As a result of the foregoing, plaintiffs ANTHONY WHITE and NAEEM SCARBOROUGH are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A FOURTEENTH CAUSE OF ACTION
### (Negligent Training and Supervision under the laws of the State of New York)

119.    Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "118" with the same force and effect as if fully set forth herein.

120.    Upon information and belief, the defendant CITY OF NEW YORK failed to use reasonable care in the training and supervision of the aforesaid defendants who conducted and participated in the acts of misconduct alleged herein.

121.    As a result of the foregoing, plaintiffs ANTHONY WHITE and NAEEM SCARBOROUGH are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A FIFTEENTH CAUSE OF ACTION
### (Negligence under the laws of the State of New York)

122.    Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "121" with the same force and effect as if fully set forth herein.

123.    Plaintiffs' injuries herein were caused by the carelessness, recklessness and

negligence of the defendant CITY OF NEW YORK and its employees and agents, who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

124.   As a result of the foregoing, plaintiffs ANTHONY WHITE and NAEEM SCARBOROUGH are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR A SEVENTEENTH CAUSE OF ACTION**
(Violation of NYS Constitution against Defendant City of New York Article 1 §12)

125.   Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "124" with the same force and effect as if fully set forth herein.

126.   As a result of defendants' conduct, plaintiffs were deprived of their right to security against unreasonable searches, seizures, and interceptions.

127.   As a result of the foregoing, plaintiffs ANTHONY WHITE and NAEEM SCARBOROUGH are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**WHEREFORE**, plaintiffs ANTHONY WHITE and NAEEM SCARBOROUGH demand judgment and pray for the following relief, jointly and severally, against the defendants:

(A)     full and fair compensatory damages in an amount to be determined by a jury;

(B)     punitive damages against the individual defendants in an amount to be determined by a jury;

(C)     reasonable attorneys' fees and the costs and disbursements of this action; and

(D)     such other and further relief as appears just and proper.

Dated: Brooklyn, New York
       August 31, 2016

                         BRETT H. KLEIN, ESQ., PLLC
                         Attorneys for ANTHONY WHITE and
                         NAEEM SCARBOROUGH
                         305 Broadway, Suite 600
                         New York, New York 10007
                         (212) 335-0132

                         By:     _s/ Brett Klein_____
                                 BRETT H. KLEIN (BK4744)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------------X

ANTHONY WHITE and NAEEM SCARBOROUGH,

                                        Plaintiffs,

                                                                        Docket No.

                -against-

CITY OF NEW YORK, JORGE TOBON, Individually,
JEFF HARRIS, Individually, ANGUS MACKENZIE,
Individually, ROBERT KELLY, Individually, UNDERCOVER
NO. C0039, Individually, UNDERCOVER No. C0076,
Individually, and JOHN and JANE DOE 1 through 10,
Individually (the names John and Jane Doe being fictitious,
as the true names are presently unknown),

                                        Defendants.

--------------------------------------------------------------------------------X

**COMPLAINT**

**BRETT H. KLEIN, ESQ., PLLC**
Attorneys for the Plaintiffs
305 Broadway, Suite 600
New York, New York 10007
(212) 335-0132